JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL PEREZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN JAMES ENGLEMAN,<br><br>    Defendant. | Case No. 2:25-cv-10839-SB-KES<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner Jose Miguel Perez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), alleging that his conditions of confinement at the Federal Correctional Institute (FCI) Terminal Island place him at risk of harm and violate his Eighth Amendment rights.  He also moves for a temporary restraining order (TRO) and a preliminary injunction, seeking placement in protective custody or a transfer to another facility.  Because the Court lacks jurisdiction, the petition is dismissed, and the request for preliminary injunctive relief is denied as moot.

I.

    Petitioner has been serving a sentence for possession with intent to distribute at FCI Terminal Island since August 2025.  *United States v. Perez,* Case No. 1:24-cr-00137-KES-BAM-1, Dkt. No. 40.  He was previously convicted of unlawful intercourse with a minor (Cal. Penal Code § 261.5(c)).  Dkt. No. 1 at 3.  He now cursorily alleges that the Bureau of Prisons (BOP) misclassified his § 261.5(c) offense as a "sex offense," leading to "threats of assault and extortion" from fellow inmates.  Dkt. No. 2 at 1.  He states that BOP has "denied or ignored" his complaints (Dkt. No. 1 at 2) and seeks a court order requiring BOP to immediately place him in protective custody or transfer him to another low-security facility "where he will not be exposed to the general population" (Dkt. No. 2 at 3).

## II.

"Federal courts are always under an independent obligation to examine their own jurisdiction," *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (cleaned up), and must dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief," *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (cleaned up). A district court has jurisdiction over a § 2241 petition when a prisoner challenges the legality of the "manner, location, or conditions of the execution of a sentence," *Hernandez*, 204 F.3d at 864, *if* a successful challenge would accelerate the prisoner's release, *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). *See also Preiser v Rodriguez*, 411 U.S. 475, 487 (1973) (holding that immediate or accelerated release from illegal custody is the essence of habeas corpus).

Petitioner does not specify the type of BOP classification at issue or how it affects the conditions of his confinement. In any event, his request for protective custody or a transfer is not properly brought under § 2241 because it does not affect the timing of his release. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) ("Because success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within the core of habeas corpus . . . .") (cleaned up). Therefore, the Court lacks jurisdiction over his claims, and the petition must be dismissed. *Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024) ("Because [petitioner's] claims lie outside the historic core of habeas corpus, we conclude the district court properly found it lacked jurisdiction to hear [the] petition."); *see also Franklin v. Gipson*, No. 12–CV–7411-R, 2013 WL 1339545 (C.D. Cal. Feb. 19, 2013), *report and recommendation adopted*, No. 12–CV–7411-R, 2013 WL 1338289 (C.D. Cal. Mar. 27, 2013) (a challenge to classification status lacked habeas jurisdiction because the prisoner "would not be released from confinement or even be provided with a lesser term of confinement; rather, at most, he would receive a different or lower classification score"); *Battle v. Winn*, No. 13–CV–02452, 2016 WL 11431555, at *2 (D. Ariz. Nov. 3, 2016), *report and recommendation adopted,* No. CV-13-02452, 2016 WL 7383783 (D. Ariz. Dec. 21, 2016) (dismissing § 2241 petition for lack of jurisdiction because "the BOP's decision to include Sex Offender [Public Safety Factor] to Petitioner's classification has no influence upon Petitioner's projected release date").

III.

Even if Petitioner asserted a cognizable claim within the Court's jurisdiction, he has not shown that he is entitled to preliminary relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right," but rather only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (setting out factors for a preliminary injunction); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same). Petitioner's vague and conclusory allegations of threats of assault and extortion by fellow inmates do not demonstrate any basis for such extraordinary relief. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131–32 (9th Cir. 2006) (stating that the "circumstances justifying the issuance of an ex parte order are extremely limited" and finding TRO insufficient where plaintiff "offered no support that there was a 'significant risk'" of immediate harm).

Nor has he demonstrated that he is likely to succeed on the merits of his Eighth Amendment claim. *See Winters,* 555 U.S. at 20; *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (explaining that in the Ninth Circuit, a preliminary injunction is warranted where there are "serious questions going to the merits" and a "hardship balance that tips sharply toward the plaintiff"). Petitioner states that BOP officials are "aware of the threats" and have "refused to transfer or protect him," but he provides no details about the threats or the internal complaints he claims to have filed with BOP. This is insufficient to plausibly state a claim for Eighth Amendment violations, let alone show a "serious question" going to the merits. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) ("A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was objectively, sufficiently serious; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place.") (cleaned up); *Gray v. Bright*, No. 15-CV-03277, 2016 WL 11638294 (N.D. Cal. Sept. 19, 2016) (dismissing Eighth Amendment claim that prison guards failed to protect inmate by not rehousing him where he did not show that "a future attack is so likely that defendants were deliberately indifferent").

IV.

The petition for a writ of habeas corpus is dismissed for lack of jurisdiction. The motion for a temporary restraining order and preliminary injunction (Dkt. No. 2) is denied as moot.[1]

Date: November 19, 2025

Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Petitioner also requests that his petition be sealed.  Because the document contains identifying information about third parties, including the victim in Petitioner's 2004 conviction, the clerk's office shall seal Dkt. No. 1.